IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | Criminal No. 2:15CR143 |
| v. | ) | |
| | ) | |
| RICHARD WITCHER, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO WITHDRAW

COMES NOW defendant's counsel, Rodolfo Cejas, Assistant Federal Public Defender, and moves this Honorable Court for leave to withdraw as defendant's counsel in the above captioned case. In support of this motion, counsel submits the below memorandum.

**Law and Argument**

Mr. Witcher is before this Court for sentencing after entering a plea of guilty on January 19, 2016, pursuant to the terms of a written plea agreement, to Count Five of the indictment–possession of child pornography, in violation of Title 18, United States Code, section 2252(a)(4)(B). Sentencing is set for June 22, 2016. On April 27, 2016, Mr. Witcher filed a pro se motion in which he requested new counsel, alleged ineffective assistance of counsel and made other serious allegations against counsel. Based on this motion, and counsel's recent conference with Mr. Witcher, it is apparent that Mr. Witcher no longer has confidence in counsel's ability or desire to adequately represent him. It appears to counsel that the relationship of trust and confidence between Mr. Witcher and counsel, essential for the effective assistance of counsel, has completely broken down. Counsel has determined that his motion is appropriate under Rule 1.16 of the Virginia Rules of Professional Conduct. Counsel will confer with Mr. Witcher prior to any hearing on this motion and explain the implications of the filing of this motion and the procedures governing the motion

and any hearing thereon.

There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: 1) the timeliness of the motion; 2) the Court must engage in an "adequate inquiry" into the defendant's complaint; and 3) whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense. See *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

Counsel for defendant recognizes that his motion comes somewhat late as the matter is scheduled for sentencing on June 22, 2016. However, Counsel's request has been filed as soon as practicable after the meeting receiving notice of the pro se motion filed on April 27, 2016, when it became apparent that the attorney-client relationship broke down. It is within the body of the motion that Mr. Witcher has requested new counsel. Finally, although the matter was recently continued, it was done so at the request of Mr. Witcher and has not prejudiced either party.

In the Mullen case previously cited, the court discussed the considerations involved in ruling on motions to withdraw and contrasted the case with cases involving defendants who attempted to manipulate or abuse the right to counsel, stating as follows:

> Most such cases involve a motion for substitution made shortly before
> or during trial, multiple substitutions, or both .... The government has
> not pointed us to any case where an appellate court upheld a trial court's
> denial of a defendant's timely request for his or her first substitution and
> appointment of counsel.

Mullen, 32 F.3d at 897-898. In its footnoted reference, the court cited examples of cases in which defendant's did attempt to manipulate or abuse the right to counsel:

> The cases cited by the government are representative of the typical case
> when substitution of counsel is denied. *E.g., Hanley, supra* (defendant,
> who had already received three continuances and four appointed
> lawyers, tried to force his fourth lawyer to quit one week before trial);
> *Gallop, supra* (five days before trial defendant sought to replace his
> second appointed lawyer); *United States v. Harris,* 2 F.3d 1452 (7th

Cir.) (defendant, who was on his third appointed lawyer and fourth overall, discharged his fourth lawyer on the morning of trial; court held that defendant was not denied his right to counsel by having to proceed *pro se*), *cert. denied,* 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993); *United States v. Pina,* 844 F.2d 1 (1st Cir.1988) (on sixteenth day of trial, *pro se* defendant sought an appointed lawyer, but he would not accept one from the federal public defender's office); *United States v. Hillsberg,* 812 F.2d 328 (7th Cir.) (defendant moved for a substitution at the beginning of the trial), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987); *United States v. Moore,* 706 F.2d 538 (5th Cir.) (defendant, who was on his fourth appointed lawyer, moved four days before trial for a new appointed lawyer), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. Davis,* 604 F.2d 474 (7th Cir.1979) (on the morning of trial, defendant, who had gone through one privately retained lawyer and three appointed lawyers, dismissed his lawyer and asked for the appointment of one particular lawyer).

Mullen 32 F.3d at 897 -898 n.3.

The defendant is in custody and facing the a likelihood of a prison sentence. There has been no previous request for new counsel. Counsel has conferred with the Assistant United States Attorney, Elizabeth Yusi, and she has no objection to this motion. Therefore, counsel respectfully requests that he and the Federal Public Defender's Office be granted leave to withdraw as defendant Mr. Witcher's counsel.

Respectfully submitted,
RICHARD WITCHER

_____/s/_____
Rodolfo Cejas, II, Esquire
Virginia Bar No.: 27996
Attorney for Richard Witcher
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Ph.: 757-457-0800
Fax: 757-457-0880
Rodolfo_Cejas@fd.org

# CERTIFICATE OF SERVICE

  I hereby certify that on April 28, 2016, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Elizabeth Yusi
    Assistant United States Attorney
    Office of the United States Attorney
    101 W Main St.
    Suite 8000
    Norfolk, Virginia 23510
    elizabeth.yusi@usdoj.gov

          By: _____/s/_____
          Rodolfo Cejas, II, Esquire
          Virginia Bar No.: 27996
          Attorney for Richard Witcher
          Assistant Federal Public Defender
          Office of the Federal Public Defender
          150 Boush Street, Suite 403
          Norfolk, Virginia 23510
          Ph.: 757-457-0800
          Fax: 757-457-0880
          Rodolfo_Cejas@fd.org